IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION


LAYSALLE SCALES                                )    CASE NO.  1:10CV0596
                                               )
            Plaintiff,                         )
                                               )    JUDGE KATHLEEN M. O'MALLEY
      v.                                       )
                                               )
CAROLYN B. FRIEDLAND, et al.                   )    MEMORANDUM OF OPINION
                                               )    AND ORDER
            Defendants.                        )


      Plaintiff *pro se* Laysalle Scales brings this action under the Civil Rights Act of 1871, 42

U.S.C. § 1983, against Defendants Cuyahoga County, Ohio Common Pleas Court Judge Carolyn B.

Friedland, Cuyahoga County Prosecutor William Mason and Attorney Susan S. Moran. Plaintiff

is currently under indictment in the Common Pleas Court of Cuyahoga County, Ohio in Case

Number CR-10-533006 charged with violations of Ohio's drug trafficking law, R.C. 2925.03 and

possession of criminal tools, R.C. 2923.24. He alleges that he has been deprived of his constitutional

rights by not being present during pretrial proceedings, his attorney failed to keep him informed as

to key developments, and she acted unprofessionally.  Plaintiff demands that his criminal case be

dismissed, monetary damages be awarded and that all Defendants be barred for life from practicing

law.

      Although *pro se* pleadings are liberally construed, *Boag v. MacDougall*, 454 U.S. 364, 365

(1982) (per curiam); *Haines v. Kerner*, 404 U.S. 519, 520 (1972), the district court is required to

dismiss an action under 28 U.S.C. §1915(e) if it fails to state a claim upon which relief can be

granted, or if it lacks an arguable basis in law or fact.  *Neitzke v. Williams*, 490 U.S. 319 (1989);

*Lawler v. Marshall*, 898 F.2d 1196 (6th Cir. 1990); *Sistrunk v. City of Strongsville*, 99 F.3d 194, 197

(6th Cir. 1996).  For the reasons stated below, this action is dismissed pursuant to section 1915(e).

Plaintiff wants this Court to dismiss all charges against him that are pending in the Cuyahoga County Common Pleas Court. A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It is mandated whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

All three factors supporting abstention are present in this case. The issues presented in the Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Furthermore, Plaintiff has the opportunity to raise any defects in his criminal case in the state court. Consequently, this Court is required to abstain from intervening in the state court proceedings.

Judge Friedland is a Common Pleas Court Judge. It is well established that judges are immune from liability for actions taken within the scope of their official duties. *Pierson v. Ray*, 386 U.S. 547 (1967). This is true even if a judge acts erroneously, corruptly, or in excess of jurisdiction. *Stump v. Sparkman*, 435 U.S. 349 (1978). When the function complained of is truly a judicial act, judicial immunity applies. *Yarbrough v. Garrett,* 579 F.Supp.2d 856, 860 (E.D. Mich., 2008)(citing *Bush v. Rauch,* 38 F.3d 842, 847 (6th Cir. 1994)). There are no facts alleged reasonably suggesting Judge Friedland acted outside the scope of her official duties. Judge Friedland definitely acted

within the scope of her official duties in presiding over Plaintiff's court case.

Prosecutors are absolutely immune from liability under § 1983 for their conduct as long as that conduct is intimately associated with the judicial phase of the criminal process. *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976).  "The analytical key to prosecutorial immunity ... is advocacy-whether the actions in question are those of an advocate." *Skinner v. Govorchin,* 463 F.3d 518, 525 (6th Cir. 2006) (citations and internal quotation marks omitted). There is no indication in the Complaint that Prosecutor William Mason was acting outside of the scope of his responsibilities.

Plaintiff's attorney, Susan S. Moran, is not responsible for the manner in which pretrial proceedings are conducted. The claim that she has not been effective counsel is not a matter for this Court at this stage of the proceedings .

Accordingly, this action is dismissed pursuant to 28 U.S.C. § 1915(e). The Court certifies, pursuant to 28 U.S.C. § 1915(a)(3) that an appeal from this decision could not be taken in good faith.

IT IS SO ORDERED**.**

Date:   5/21/2010

*s/Kathleen M. O'Malley*
JUDGE KATHLEEN M. O'MALLEY
UNITED STATES DISTRICT JUDGE