IN THE UNITED STATES DISTRICT COURT
FOR THE NORTHERN DISTRICT OF OHIO
EASTERN DIVISION

| | | |
|---|---|---|
| LAYSALLE SCALES | ) | CASE NO. 1:10CV0596 |
| | ) | |
| Plaintiff, | ) | |
| | ) | JUDGE KATHLEEN M. O'MALLEY |
| v. | ) | |
| | ) | |
| CAROLYN B. FRIEDLAND, et al. | ) | MEMORANDUM OF OPINION |
| | ) | AND ORDER |
| Defendants. | ) | |

On May 21, 2010, the Court dismissed *pro se* Plaintiff Laysalle Scales Complaint filed under 42 U.S.C. § 1983. In his Complaint, Scales asserted that he was deprived of his constitutional rights when pretrial proceedings were conducted in his absence, his attorney failed to keep him informed as to key developments, and his attorney acted in an unprofessional manner. These assertions relate to a pending criminal state court action specifically. Plaintiff is currently under indictment in the Common Pleas Court of Cuyahoga County, Ohio in Case Number CR-10-533006, charged with violations of Ohio's drug trafficking law, R.C. 2925.03 and possession of criminal tools, R.C. 2923.24. The Defendants in the original Complaint were Cuyahoga County Common Pleas Court Judge Carolyn B. Friedland, Cuyahoga County Prosecutor William Mason and Attorney Susan S. Moran. This matter is now before the Court upon Plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e). (ECF 9). He asserts that he has "repaired the deficiencies" in the original Complaint and asks that the Court allow him to proceed on his proposed Amended Complaint. For the reasons set forth below, the Motion is Denied.

Review of the Amended Complaint shows that, while he has changed some aspects of his

claims, Plaintiff has not corrected the fatal deficiencies in the original Complaint. Scales still contends that his due process rights were violated when he was denied the right to be present at four pretrials relating to the pending charges against him. Plaintiff now also asserts that the "weapons charge" against him should be dismissed because of an illegal search, that his attorney and the assistant county prosecutor have conspired not to file a motion to suppress and, that Defendant Mason has a custom and policy of violating the rights of criminal defendants and has failed to train prosecutors. While Scales has apparently abandoned any claims against Judge Carolyn B. Friedland in his Amended Complaint, Mason and Moran are still named defendants, as is a new John Doe defendant - identified as an unnamed assistant county prosecutor.

Just as it did the original Complaint, *Younger* also bars consideration of Scales' Amended Complaint. *Younger v. Harris*, 401 U.S. 37, 44-45 (1971). As this Court stated in its Order of Dismissal:

> A federal court must decline to interfere with pending state proceedings involving important state interests unless extraordinary circumstances are present. *See Younger v. Harris*, 401 U.S. 37, 44-45 (1971). Abstention is appropriate if: (1) state proceedings are on-going; (2) the state proceedings implicate important state interests; and (3) the state proceedings afford an adequate opportunity to raise federal questions. *Middlesex County Ethics Comm. v. Garden State Bar Ass'n*, 457 U.S. 423, 432 (1982). It [does not matter] whether the state court proceeding is criminal, quasi-criminal, or civil in nature as long as federal court intervention "unduly interferes with the legitimate activities of the State." *Younger*, 401 U.S. at 4.

The issues presented in the Amended Complaint are clearly the subject of a state court criminal matter, which are of paramount state interest. *See Younger*, 401 U.S. at 44-45. Plaintiff has the opportunity to raise any defects in his criminal case, constitutional or otherwise, in the state court.

The Prosecutor and his assistant are still entitled to immunity with respect to their prosecutorial decisions, moreover. See *Imbler v. Pachtman*, 424 U.S. 409, 430 (1976). Thus, the

reasoning in the Court's Order of Dismissal applies to every issue raised in the Amended Complaint.[1]

For all these reasons, Plaintiff's Motion for Reconsideration Pursuant to Fed. R. Civ. P. 59(e) is **DENIED**.

IT IS SO ORDERED.

                                              **s/ Kathleen M. O'Malley**
                                              JUDGE KATHLEEN M. O'MALLEY
                                              UNITED STATES DISTRICT JUDGE

DATED: June 23, 2010

---

[1] To the extent Scales asserts claims against his own counsel, moreover, this Court is in no position to assess the constitutional adequacy of her performance at this stage of the proceedings. Absent a conviction, and a showing that he was prejudiced by counsel's performance in connection therewith, Scales cannot sustain a Sixth Amendment ineffective assistance of counsel claim. *See Strickland v. Washington*, 466 U.S. 668, 685 (1984).